Opinion by
Will-son, J.
§ 453. Conversion of property; measure of damage in cases of; case stated. Appellee brought this suit against appellant to recover damages for the wrongful conversion of certain machinery which appellee had shipped from Louisville, Ely., to Grand Saline, Texas. The machinery was shipped on the 8th day of September, 1883, and reached Grand Saline, over appellant’s road, some time during that same month, as shown by appellant’s freight books^ On the 16th of that month appellee in- ■ quired of appellant’s freight agent at Grand Saline for the machinery, and was told by said agent that it had not arrived, but that when it did arrive appellee should be informed of the fact. Appellee, after waiting for some time for notice of the arrival of said machinery, again, and frequently, inquired about it of said agent, and was always answered that it had not arrived. In November, 1883, appellee learned accidentally that the machinery was at the depot. He immediately went, with wagon, team and driver, to get it, but was again told by said agent that it was not there. He obtained from said agent permission to examine for it in the warehouse, and found it covered up with sacks of salt. He then proposed to pay the freight charges due upon said machinery, as shown by the bill of lading therefor, and take said machinery. Said agent refused to receive the amount of freight specified in the bill of lading, demanding an additional sum of $2.50’“ which appellee refused to pay, and returned home without his machinery and instituted this suit. After the institution of suit, said agent offered to deliver appellee the machinery upon the payment by him of the amount of freight charged in the bill of lading. Appellee, consenting to this, again *398 went with a wagon and team to get the machinery, but was told by the said agent that he could not get it without producing and delivering to him the bill of lading, which appellee was not able to do, as he.did not have the bill of lading with him. Appellee tendered to the said agent the amount of the freight charges, and offered to execute a receipt for the machinery, but said agent refused to deliver the machinery without a surrender of the bill of lading, notwithstanding said agent knew appellee, and knew that he was the owner and consignee of said machinery, and appellee was compelled to again return home without his machinery, and has never received the same. Appellee purchased said machinery for the purpose of double-gearing his gin, and also for the purpose of attaching to his gin a grist mill. His gin did not have sufficient capacity to meet the^increased demands of his custom, and his neighborhood was in need of a grist mill. When he first inquired of said agent about the machinery, he informed said agent fully of the purposes for which he designed the same, and of the importance of his receiving it at an early day, and of the damage which would result to him in case of delay in its arrival. Upon this state of case, the court gave to the jury the following charge as to the measure of damage, viz.: “ The measure of damage in this case will be the value of the property, together with the value of the use of the same, and the time lost in going to and from defendant’s office in endeavoring to recover the property.” It is contended by appellant that this charge is erroneous; that the correct measure of damage in this case is the value of the property, with legal interest thereon from the date of the conversion. In general, the rule is as contended for by appellant. [W. & W. Con. Rep. §§ 950, 1127, 1249; Field on Dam. § 792.J But there are exceptions to this rule. Where the conversion is accompanied by aggravations, such as fraud, malice, gross negligence or oppression, the measure of damage is not restricted to the general rule, but is enlarged so as to *399 embrace not only special actual, but, in some cases, exemplary damages. And where the value of the property and interest thereon will clearly not fully compensate the owner for the wrongful conversion, larger damages will be awarded. [Field on Dam. §§ 796, 797; 3 Sutherland on Dam. p. 173.] Considering the facts of this case, there is no error in the charge of the court. It is clearly shown that the conversion of the property was wrongful and oppressive, without lawful or reasonable excuse”, and that appellee was greatly damaged thereby, much more than the value of the property and interest thereon, but not more than the amount awarded him.
November 26, 1884.
Affirmed.